IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON M. BRACKETT,<br><br>  Plaintiff,<br><br>vs.<br><br>JODY HORNER, DAVE GILLESPIE, BODE HILL, MERRITT NELSON, JODI BENJAMIN, and MIDLAND UNIVERSITY,<br><br>  Defendants. | 8:21CV241<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges his employment as the women's lacrosse coach at Midland University was terminated in January 2019 because he is a single male and a veteran. He asserts discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*[1]

## III. ANALYSIS

A. Discrimination on the Basis of Sex

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

> "To establish a prima facie case of sex discrimination, [a plaintiff] must show she: '(1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class.'" *Rebouche v. Deere & Co.*, 786 F.3d 1083, 1087 (8th Cir. 2015) (quoting *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013)). Because [Plaintiff's] claim is one for reverse discrimination, he "must also show that 'background circumstances support the suspicion that [Defendant] is that unusual employer who discriminates against the majority.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Hammer v. Ashcroft*, 383 F.3d 722, 724 (8th Cir. 2004)); *see also Moody [v. Vozel*,

---

[1] In the discrimination charge filed with the EEOC, Plaintiff also claimed a violation of the Nebraska Fair Employment Practice Act (Filing 1-1 at 1), but that claim is not reasserted in the Complaint. (See Filing 1 at 3.)

  771 F.3d 1093, 1097 (8th Cir. 2014)]. [Plaintiff] can "show suspicious background circumstances by showing evidence that [Defendant] is inclined to discriminate invidiously against males or something 'fishy' about the facts that raises an inference of discrimination." *Wood v. Perry*, 375 F.3d 671, 674 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

*Tremaine v. Goodwill Indus., Inc.*, No. 8:16CV488, 2018 WL 2445538, at *5 (D. Neb. May 31, 2018).

  A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S., at 570. The elements of a prima facie case are relevant to a plausibility determination, however. They "are part of the background against which a plausibility determination should be made," and "may be used as a prism to shed light upon the plausibility of the claim." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the [Federal Rule of Civil Procedure] 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."). Here, Plaintiff alleges:

> Just prior to my performance review, the human resources department had received child support paperwork from another state, which I believe is a major reason why [Midland University President] Judy Horner is guilty of discrimination.
>
> Throughout my employment the respondent Jody Horner demonstrated a disproportionate interest in me when I would attend staff meetings. She would greet me in a loud voice when I entered the room, even if the room was full and she was engaged in conversation with someone else.
>
> (Filing 1 at 5.)

3

Plaintiff alleges his employment was terminated after one year by Defendants Dave Gillespie, Jodi Benjamin, and Bode Hill on behalf of Defendant Judy Horner,[2] purportedly because of low recruiting numbers, despite the fact that he "had tripled the lacrosse team's number of recruits and exceeded expectations set by [his] superiors." (Filing 1 at 5.) "Proof of pretext, coupled with a strong prima facie case, may suffice to create a triable question of fact," *Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011), but Plaintiff's allegations of sex discrimination are extremely weak, and there are no background circumstances alleged to suggest that Midland University of the unusual employer who discriminates against males. In short, there is no plausible claim for relief alleged under Title VII.

B. Discrimination on the Basis of Uniformed Service

USERRA "prohibit[s] discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). As relevant here, the Act provides that "[a] person who … has performed … service in a uniformed service shall not be denied … retention in employment … on the basis of that … performance of service …." 38 U.S.C. § 4311(a). "An employer shall be considered to have engaged in actions prohibited under subsection (a), if the person's … service … is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such … service …." 38 U.S.C. § 4311(b).

The employee must make the initial showing that military status was a motivating factor in the adverse employment action. *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). "If the employee makes such a showing, the employer must prove, by a preponderance of the evidence, that the action would have been taken despite the protected status." *Id.* (quoting *Maxfield v. Cintas Corp. No. 2,* 427 F.3d 544, 551 (8th Cir. 2005)).

---

[2] These individuals are not proper defendants under Title VII. *See Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000) ("[S]upervisors may not be held individually liable under Title VII."). Plaintiff does not allege that Defendant Merritt Nelson was involved in the termination, only that he participated in a performance review.

The employee may show discriminatory motivation with direct or circumstantial evidence. *Id.* (citing *Sheehan v. Dep't of Navy,* 240 F.3d 1009, 1014 (Fed. Cir. 2001)). To the extent the employee relies on circumstantial evidence to establish an inference of discriminatory motivation, a number of factors are relevant, including: (1) "the employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity," (2) "the proximity in time between the employee's military activity and the adverse employment action," and (3) "any inconsistencies between the proffered reason and other actions of the employer." *McConnell v. Anixter, Inc.*, 944 F.3d 985, 989 (8th Cir. 2019) (quoting *Rademacher*, 645 F.3d at 1010-11).

Here, Plaintiff does not allege there was any anti-veteran bias or any temporal proximity between his military service and his termination, but he claims the reason given for his termination was not true. He alleges:

> In January of 2019, Dave Gillespie, Jodi Benjamin, and Bode Hill terminated my employment on behalf of Jody Horner. Dave Gillespie said in that meeting that it was "strictly about numbers," despite the fact I was holding recruiting data which demonstrated I had tripled the lacrosse team's number of recruits and exceeded expectations set by my superiors.
>
> * * *
>
> The termination came as a complete surprise because of no adverse personnel action according to the human resources policy manual throughout the duration of my employment. Also, I had previously received in person, verbal and written praise stating, "the way you handled your team [situations] has been great, we found the right guy at the right time, you have exceeded the expectations," in person from Bode Hill, Merritt Nelson, and Dave Gillespie at my official performance review.
>
> * * *
>
> I was terminated under dubious circumstances, to say the least. They told me it was "strictly about numbers," … as in recruiting numbers. However Bode Hill and Dave Gillespie told TJ Westfall, the newly hired head men's lacrosse coach who was blindsided with having to

5

> pull double duty by recruiting his new team and coaching the women's team for the spring of 2019, that I had been "overrecruiting ...."

(Filing 1 at 5-6.)

Although Plaintiff alleges there were inconsistencies between the proffered reason for his termination and statements made before and after the termination, and that the reason given for his termination was demonstrably false, these facts alone do not create a reasonable inference that Plaintiff was terminated because of his military service, as opposed to some other undisclosed reason. *See, e.g., Castillo v. City of Grand Prairie*, No. 3:19-CV-2191-L, 2019 WL 5578556, at *2 (N.D. Tex. Oct. 29, 2019) (plaintiff who claimed he was terminated for taking military leave failed to state a facially plausible claim by alleging only that the reasons stated in his termination letter were untrue); *Davis v. New York City Dep't of Corr.*, No. 17-CV-3863 (MKB), 2017 WL 5634123, at *7 (E.D.N.Y. Nov. 22, 2017) ("Plaintiff fails to state a claim under the USERRA because the Complaint contains no allegations from which it could plausibly be inferred that his military status was considered in the decision to terminate his employment.").

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal for failure to state a claim upon which relief may be granted. On the court's own motion, however, Plaintiff will be given leave to amend.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February18, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 19th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge